IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| McNEIL NUTRITIONALS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-69-GMS |
| | ) | |
| THE SUGAR ASSOCIATION, THE AMALGAMATED SUGAR COMPANY, AMERICAN CRYSTAL SUGAR COMPANY, AMERICAN SUGAR CANE LEAGUE, AMERICAN SUGAR REFINING, INC., ATLANTIC SUGAR ASSOCIATION, HAWAIIAN SUGAR & TRANSPORTATION COOPERATIVE, IMPERIAL SUGAR COMPANY, MICHIGAN SUGAR COMPANY, MINN-DAK FARMERS COOPERATIVE, OKEELANTA CORPORATION, OSCEOLA FARMS COMPANY, RIO GRANDE VALLEY SUGAR GROWERS, INC., SOUTHERN MINNESOTA BEET SUGAR COOPERATIVE, SUGAR CANE GROWERS COOPERATIVE OF FLORIDA, UNITED STATES SUGAR CORPORATION, WESTERN SUGAR COOPERATIVE, WYOMING SUGAR LLC, AMERICAN SUGARBEET GROWERS ASSOCIATION, and QORVIS COMMUNICATIONS, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR ENLARGEMENT OF BRIEFING SCHEDULE IN ORDER
TO PERMIT DISCOVERY NECESSARY TO RESPOND TO MOTION TO DISMISS**

Plaintiff McNeil Nutritionals, Inc. ("McNeil"), by its undersigned counsel, respectfully moves the Court for an extension of time, to and including July 15, 2005, in which to file its opposition to defendants' motion to dismiss the Complaint herein. In support of this motion, McNeil states:

1. This is an action for false advertising and deceptive trade practices. The Complaint, filed February 8, 2005, alleges, *inter alia*, that defendants are using a heavily publicized internet website, www.truthaboutsplenda.com, to make false and disparaging statements about McNeil's best-selling no-calorie sweetener, Splenda®.

2. Defendants include The Sugar Association (the "Association"), the Association's 17 member companies (which comprise many of the growers and producers of sugar in the United States), and the advertising/public relations agency that created the disputed website.

3. On March 25, 2005, all defendants filed a single motion to dismiss the Complaint, asserting that the claims in this action should be dismissed, with prejudice, on the following grounds:

    A. Improper venue;

    B. Immunity under the Noerr-Pennington doctrine;

    C. Lack of standing to sue non-competitors and parties who allegedly played no role in the planning and execution of the disputed advertising;

    D. Lack of pendent jurisdiction over state law claims;

    E. Lack of personal jurisdiction over many of the defendants; and

    F. Insufficient allegations to support claims for relief under Delaware law.

4. McNeil will need to take discovery in order to be able to oppose certain of the arguments raised by defendants in their motion to dismiss. For example, McNeil needs discovery to test defendants' assertions in their brief and accompanying declarations that "none of the Member Companies played any role in the planning and execution related to the 'Truth

2

About Splenda' website or any other conduct that is the subject of the Delaware Complaint." In addition, McNeil needs discovery with respect to the argument and sworn statements offered by most defendants that they lack sufficient contacts with the State of Delaware to permit this Court to exercise personal jurisdiction over them.

5. Under the current schedule, McNeil's opposition to defendants' motion is due April 11, 2005. The parties have been discussing a proposed schedule for McNeil's response for the past week but, despite diligent efforts on the part of counsel, no agreement has been reached. McNeil intends to continue such negotiations with defendants and is hopeful that an agreement on scheduling can be submitted for the Court's consideration in the near future. However, in recognition of the approaching deadline and in deference to the Court, McNeil now respectfully moves for an extension of the normal briefing deadlines contemplated by the local rules, so as to permit it to conduct the necessary discovery and prepare its opposition.

6. McNeil believes that the requisite discovery can be completed within a period of approximately 90 days, assuming that (1) defendants produce documents in response to McNeil's limited requests within 30 days, and (2) defendants thereafter produce witnesses for deposition at the rate of three to four witnesses per week for the next four to six weeks. (The foregoing schedule is necessitated by the fact that there are approximately 18 defendants who contest jurisdiction on one or more grounds, as to whom discovery is required.) Accordingly, McNeil respectfully requests that the due date for its opposition to defendants' motion to dismiss be adjourned from April 11, 2005 to July 15, 2005, so as to permit McNeil to conduct the requisite discovery and prepare its opposition.


                        ASHBY & GEDDES

                        */s/ Steven J. Balick*

                        _____
                        Steven J. Balick (#2114)
                        John G. Day (#2403)
                        222 Delaware Avenue, 17th Floor
                        Wilmington, Delaware 19801
                        302-654-1888
                        *Attorneys for McNeil Nutritionals, LLC*

*Of counsel:*

Steven A. Zalesin
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
212-336-2000

Donna Malin, Esq.
JOHNSON & JOHNSON
One Johnson & Johnson Plaza
New Brunswick, New Jersey 08933

Dated: April 8, 2005
155694.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| McNEIL NUTRITIONALS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-69-GMS |
| | ) | |
| THE SUGAR ASSOCIATION, THE AMALGAMATED SUGAR COMPANY, AMERICAN CRYSTAL SUGAR COMPANY, AMERICAN SUGAR CANE LEAGUE, AMERICAN SUGAR REFINING, INC., ATLANTIC SUGAR ASSOCIATION, HAWAIIAN SUGAR & TRANSPORTATION COOPERATIVE, IMPERIAL SUGAR COMPANY, MICHIGAN SUGAR COMPANY, MINN-DAK FARMERS COOPERATIVE, OKEELANTA CORPORATION, OSCEOLA FARMS COMPANY, RIO GRANDE VALLEY SUGAR GROWERS, INC., SOUTHERN MINNESOTA BEET SUGAR COOPERATIVE, SUGAR CANE GROWERS COOPERATIVE OF FLORIDA, UNITED STATES SUGAR CORPORATION, WESTERN SUGAR COOPERATIVE, WYOMING SUGAR LLC, AMERICAN SUGARBEET GROWERS ASSOCIATION, and QORVIS COMMUNICATIONS, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This _____ day of _____, 2005, plaintiff ("McNeil") having moved for enlargement of the briefing schedule on defendants' motion to dismiss (D.I. 26) (the "Motion to Dismiss"), in order to permit it time to take the discovery necessary to respond, and the Court,

after considering the positions of the parties, having concluded that good grounds exist for the requested relief; now therefore,

IT IS HEREBY ORDERED that McNeil's motion is granted, and that the remainder of briefing on the Motion to Dismiss shall be as follows:

    McNeil's Answering Papers        July 15, 2005

    Defendants' Reply Papers        Pursuant to the Local Rules

_____
United States District Judge

155694.1

CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of April, 2005, the attached **MOTION FOR ENLARGEMENT OF BRIEFING SCHEDULE IN ORDER TO PERMIT DISCOVERY NECESSARY TO RESPOND TO MOTION TO DISMISS** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Richard L. Horwitz, Esq.<br>Potter Anderson & Corroon LLP<br>Hercules Plaza – Sixth Floor<br>1313 North Market Street<br>Wilmington, DE  19801 | HAND DELIVERY |
| James P. Murphy, Esq.<br>Squire, Sanders & Dempsey LLP<br>1201 Pennsylvania Avenue, N.W.<br>Suite 500<br>Washington, DC  20004 | VIA ELECTRONIC MAIL |
| Adam R. Fox, Esq.<br>Squire, Sanders & Dempsey LLP<br>801 South Figueroa Street<br>Suite 1400<br>Los Angeles, CA  90017 | VIA ELECTRONIC MAIL |

*/s/ Steven J. Balick*

Steven J. Balick