IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| McNEIL NUTRITIONALS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE SUGAR ASSOCIATION, THE | ) |
| AMALGAMATED SUGAR COMPANY, | ) |
| AMERICAN CRYSTAL SUGAR COMPANY, | ) |
| AMERICAN SUGAR CANE LEAGUE, | ) |
| AMERICAN SUGAR REFINING, INC., | ) C.A. No. 05-69-GMS |
| ATLANTIC SUGAR ASSOCIATION, | ) |
| HAWAIIAN SUGAR & TRANSPORTATION | ) |
| COOPERATIVE, IMPERIAL SUGAR | ) |
| COMPANY, MICHIGAN SUGAR COMPANY, | ) |
| MINN-DAK FAMERS COOPERATIVE | ) |
| OKELEANTA CORPORATION, OSCEOLA | ) |
| FARMS COMPAY, RIO GRANDE VALLEY | ) |
| SUGAR GROWERS, INC., SOUTHERN | ) |
| MINNESOTA BEET SUGAR COOPERATIVE, | ) |
| SUGAR CANE GROWERS COOPERATIVE | ) |
| OF FLORIDA, UNITED STATES SUGAR | ) |
| CORPORATION, WESTERN SUGAR | ) |
| COOPERATIVE, WYOMING SUGAR LLC, | ) |
| AMERICAN SUGARBEET GROWERS | ) |
| ASSOCIATION, AND QORVIS | ) |
| COMMUNICATIONS, LLC, | ) |
| | ) |
| Defendants. | ) |

**OPPOSITION OF DEFENDANTS TO PLAINTIFF'S MOTION FOR
ENLARGEMENT OF BRIEFING SCHEDULE IN ORDER TO PERMIT
DISCOVERY NECESSARY TO RESPOND TO MOTION TO DISMISS**

After filing a complaint littered with procedural defects rendering it vulnerable to dismissal, Plaintiff McNeil Nutritionals, LLC ("McNeil") has responded to the defendants' motion to dismiss with a request that would temporarily relieve it of the obligation to respond to that motion on the purported basis that McNeil "will need to take discovery in order to be able to oppose certain of the arguments raised by defendants in their motion." (Mot. at 2, ¶ 4). McNeil cites no authority to support this application.

The omission is no surprise, for the law directs a contrary result. Although "[c]ourts have recognized that facts which would establish personal jurisdiction over the defendant are often in the exclusive control of the defendant," the law in this Circuit directs that "a court *cannot* permit discovery as a matter of course simply because a plaintiff has named a particular party as a defendant." *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 475 (D. Del. 1995) (emphasis added). For a plaintiff, like McNeil, to obtain the privilege of conducting early jurisdictional discovery, "[t]he court must be satisfied that there is *some indication* that this particular defendant is amenable to suit in this forum." *Id.* (emphasis added).

In this regard, "a mere unsupported allegation that the defendant 'transacts business' in an area is 'clearly frivolous,'" and warrants dismissal of a plaintiff's complaint "*without* ordering discovery first." *Massachusetts Sch. of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) (emphasis added). This holding is critical because neither McNeil's complaint nor its motion presents even unsupported allegations in this vein. Instead, McNeil's motion practically admits McNeil's failure to conduct a reasonable pre-filing inquiry that would have assured it any further investigation would likely result in evidentiary support for McNeil's position.

In *Renner v. Lanard Toys*, Ltd., 33 F.3d 277 (3d Cir. 1994), the Third Circuit directed that a plaintiff be given an opportunity to conduct discovery, but only after the plaintiff had first submitted affidavits and documents relevant to the jurisdictional facts, and thereby created a record that was "ambiguous," "unclear" and "incomplete"—warranting the exercise of discovery. *Id.* at 283. McNeil has not done even that. Indeed, rather than (even try to) make any colorable or *prima facie* showing of jurisdiction—because McNeil cannot hope to do so—or even assert empty, conclusory or legally insufficient allegations, McNeil just states that it has a "need to take discovery." (Mot. at 2, ¶ 4). In this Circuit, that is not enough. *See Massachusetts Sch. of Law at Andover, Inc.*, 107 F.3d at 1042; *see also Hansen*, 163 F.R.D. at 476 (holding that "a complete absence of jurisdictional facts by the plaintiff is insufficient for discovery to proceed").

As one court in this Circuit has explained:

> It is plaintiff's burden to prove the existence of jurisdiction . . . . Since plaintiff has met defendants' affidavit evidence with mere speculation, ***plaintiff's request for an opportunity to conduct discovery on the matter must be denied***. It would be inappropriate for this court to allow plaintiff to conduct a fishing expedition in order to construct a basis for jurisdiction.

*Poe v. Babcock Int'l, plc*, 662 F. Supp. 4, 7 (M.D. Pa. 1985) (emphasis added). McNeil has shown no reason why the same rule does not apply to bar discovery here. Without having produced any facts to create a *prima facie* case for personal jurisdiction, or even to shed doubt on the veracity of the affidavit evidence produced by the defendants with respect to whether the Members (effectively the shareholders of the Sugar Association) conducted business in Delaware, McNeil has no entitlement to discovery at this stage of the litigation.

Similarly, McNeil should be required to make a preliminary showing that the individual Members were involved in determining the content of the "Truth About Splenda" website or engaged in other activity generically charged in the complaint before this Court permits any discovery. This is especially true because the complaint is drafted in a purposefully vague way. Other than *identifying* the individual Members (Compl. ¶¶ 5-21), the complaint totally lacks allegations specific to them or their conduct. Instead, the complaint thereafter lumps all "defendants" together and makes allegations only "on information and belief" collectively, (*see, e.g., id.* ¶ 24). Such pleading is disingenuous and, without a more detailed showing, should not be enough to warrant preliminary discovery—especially in light of the jurisdictional facts set forth in the defendants' motion to dismiss that opposes McNeil's standing to sue the Members.

The Sugar Association is a Delaware not-for-profit corporation. (Compl., ¶ 4). The Members of a not-for-profit corporation are analogous to shareholders of a for-profit corporation. In effect, McNeil is attempting to drag shareholders into a case where its complaint is, if at all, with the activities of the corporate entity. This Court should require far more specificity from McNeil before it permits any form of discovery.

For the foregoing reasons, defendants respectfully request that this Court deny, without prejudice, McNeil's motion to enlarge. The defendants also propose that this Court direct that McNeil file its opposition to the defendants' motion to dismiss within fourteen (14) days of the date on which it was originally scheduled to be due. McNeil will accordingly be afforded an opportunity, at that time, to present whatever evidence it may have that may support a colorable or *prima facie* showing of jurisdiction—either personal jurisdiction or participation by various defendants in the acts about which the

complaint avers. If McNeil makes such a showing at that point, this Court may reconsider the propriety of permitting jurisdictional discovery.

                      Respectfully submitted,

                      POTTER ANDERSON & CORROON LLP

                      /s/ Richard L. Horwitz
                      Richard L. Horwitz (No. 2264)
                      Sarah E. DiLuzio (No. 4085)
                      Hercules Plaza – Sixth Floor
                      1313 North Market Street
                      Wilmington, DE  19801
                      Telephone:  (302) 984-6000
                      Facsimile:  (302) 658-1192

                      Attorneys for Defendants

OF COUNSEL:
James P. Murphy
SQUIRE, SANDERS & DEMPSEY LLP
1201 Pennsylvania Avenue, N.W., Suite 500
Washington, DC  20004
Telephone:  (202) 626-6600
Facsimile:  (202) 626-6780

Adam R. Fox
SQUIRE, SANDERS & DEMPSEY LLP
801 So. Figueroa Street, Suite 1400
Los Angeles, CA  90017
Telephone:  (213)624.2500
Facsimile:  (213) 623-4581

Attorneys for Defendants


Dated: April 13, 2005


678006

4

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on April 13, 2005, I served via hand delivery and electronically filed true and correct copies of the attached document with the Clerk of the Court using CM/ECF which will send notification of such filing, which is available for viewing and downloading from CM/ECF, to the following counsel of record:

>Steven J. Balick (No.2114)
>ASHBY & GEDDES
>222 Delaware Avenue
>17th Floor
>Wilmington, DE 19801
>Telephone: (302) 654-1888
>sbalick@ashby-geddes.com

Additionally, copies of the foregoing document have been sent to the following counsel in the manner indicated:

BY FEDERAL EXPRESS

Steven A. Zalesin, Esquire
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710

Donna Malin, Esquire
Johnson & Johnson
One Johnson & Johnson Plaza
New Brunswick, NJ 08543

>/s/ Richard L. Horwitz
>Richard L. Horwitz (DSB ID No. 2264)
>POTTER ANDERSON & CORROON LLP
>Hercules Plaza, 6th Floor
>1313 North Market Street
>Post Office Box 951
>Wilmington, Delaware 19899-0951
>Tel: (302) 984-6000
>E-mail: rhorwitz@potteranderson.com