IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| McNEIL NUTRITIONALS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 05-69 (GMS) |
| | ) |
| THE SUGAR ASSOCIATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM**

**I.   INTRODUCTION**

On February 8, 2005, plaintiff McNeil Nutritionals, LLC ("McNeil") brought the present action against The Sugar Association, The Sugar Association's seventeen member companies,[1] the American Sugarbeet Growers Association, and Qorvis Communications, LLC ("Qorvis"). The complaint alleges one count of false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (1998), one count of deceptive trade practices in violation of the Delaware Uniform Deceptive Trade Practices Act, Del. Code Ann. tit. 6, §§ 2531 *et seq.*, and one count of unfair competition and product disparagement in violation of Delaware common law. (D.I. 1 ¶¶ 60-71.) On March 25, 2005, a Motion to Dismiss was filed on behalf of all twenty defendants, in which it is argued (among other things) that the court does not have personal jurisdiction over fifteen of the defendants. (D.I. 28.) McNeil responded with a Motion for Enlargement of Briefing Schedule in Order to Permit Discovery Necessary to Respond to Motion to Dismiss. (D.I. 30.)  For the

---

[1] The Sugar Association's seventeen member companies include: The Amalgamated Sugar Co., American Crystal Sugar Co., American Sugar Cane League, American Sugar Refining, Inc., Atlantic Sugar Ass'n, Hawaiian Sugar & Transportation Coop., Imperial Sugar Co., Michigan Sugar Co., Minn-Dak Farmers Coop., Okeelanta Corp., Osceola Farms Co., Rio Grande Valley Sugar Growers, Inc., Southern Minnesota Beet Sugar Coop., Sugar Cane Growers Coop. of Florida, United States Sugar Corp., Western Sugar Coop., and Wyoming Sugar Co.

following reasons, the court will grant McNeil's motion and permit limited and appropriate jurisdictional discovery.

## II.     DISCUSSION

The Sugar Association is a Delaware non-profit corporation (D.I. 28 Ex. C ¶ 1), comprising seventeen member companies who are "producers and growers of sugar in the United States" (D.I. 34 Ex. 3). Its stated mission is "educating health professionals, media, government officials, and the public about sugar's goodness." (Id.) McNeil, on the other hand, is a Delaware limited liability company that markets products containing the no-calorie sweetener sucralose, which is sold under the name Splenda. (D.I. 1 ¶ 3.) Obviously, sugar and Splenda are competing products. McNeil alleges that a decrease in sugar consumption in recent years (id. ¶ 37) has led The Sugar Association to mount "a false and malicious smear campaign" against Splenda through press statements and internet websites, including The Sugar Association's "Truth About Splenda" website (id. ¶¶ 1-2; see also id. ¶¶ 41-55). Consequently, McNeil brought the present action against The Sugar Association and nineteen others. As mentioned above, the twenty defendants include The Sugar Association, its seventeen member companies, the American Sugarbeet Growers Association, and Qorvis. Of those twenty, thirteen member companies, the American Sugarbeet Growers Association, and Qorvis argue that they do not have sufficient contacts with Delaware for the court to exercise personal jurisdiction over them in this matter. Rather than answering the defendants' contentions, McNeil argues it should be permitted to engage in limited jurisdictional discovery.

"Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d

Cir. 2003) (internal citations omitted). "Thus, resolution of this motion begins with the presumption in favor of allowing discovery to establish personal jurisdiction." *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474 (D. Del. Oct. 5, 1995). However, "[t]he court must be satisfied that there is some indication that [these] particular defendant[s] [are] amenable to suit in this forum." *Id.* at 475. For example, "a plaintiff may not rely on the bare allegations in his complaint to warrant further discovery." *Id.* at 476. Likewise, "a mere unsupported allegation that [a] defendant 'transacts business' in an area is 'clearly frivolous.'" *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997). *See also B.L. Poe v. Babcock Int'l*, 662 F. Supp. 4, 7 (M.D. Pa. Mar. 14, 1985) ("Since plaintiff has met defendants' affidavit evidence with mere speculation, plaintiff's request for an opportunity to conduct discovery on the matter must be denied. It would be inappropriate for this court to allow plaintiff to conduct a fishing expedition in order to construct a basis for jurisdiction."). Rather, "there must be *some* competent evidence to demonstrate that personal jurisdiction over [a] defendant might exist before allowing discovery to proceed." *Hansen*, 163 F.R.D. at 475. *See also Impact Labs, Inc. v. X-Rayworld.com, Inc.*, No. 03-211-GMS, 2003 WL 21715872, at *3 (D. Del. July 24, 2003) (permitting jurisdictional discovery on the basis of an affidavit merely reflecting that a defendant-company's President and CEO held out the defendant-company's principal place of business as Delaware).

### A.     The Thirteen Member Companies

The thirteen member companies[2] objecting to personal jurisdiction disavow (by individual

---

[2] These thirteen companies include: American Crystal Sugar Co., American Sugar Cane League, Atlantic Sugar Ass'n, Hawaiian Sugar & Transportation Coop., Imperial Sugar Co., Michigan Sugar Co., Minn-Dak Farmers Coop., Osceola Farms Co., Rio Grande Valley Sugar Growers, Inc., Southern Minnesota Beet Sugar Coop., Sugar Cane Growers Coop. of Florida, Western Sugar Coop., and Wyoming Sugar Co.

affidavits) the notion that they have any direct contacts with Delaware.[3] (See D.I. 28 Exs. D-P.) Furthermore, The Sugar Association's President and CEO, Andrew C. Briscoe III, asserts in his affidavit ("the Briscoe affidavit") that The Sugar Association did not obtain either "approval" or "specific approval" from board members or member companies in issuing the various statements complained of in McNeil's complaint. (D.I. 28 Ex. C ¶¶ 8-12.) Therefore, the defendants argue, "McNeil should be required to make a preliminary showing that the individual Members were involved in determining the content of the 'Truth About Splenda' website or engaged in other activity generically charged in the complaint before this Court permits discovery." (D.I. 31 at 3.)

McNeil responds by pointing to the following statement on The Sugar Association's website, on a page entitled "Who We Are":

> The Sugar Association's member companies are producers and growers of sugar in the United States. The Board of Directors is comprised of decision-making representatives from each of these companies or organizations. . . . Three advisory committees *comprised of member company staff* help guide the direction of Public Policy, Public Education, and Scientific Affairs for the Association.

(D.I. 34 Ex. 3 (emphasis added).)[4] Furthermore, each of the thirteen objecting member companies is listed on the website as either (or both) a board member or a member company. Of course, it is well established that a defendant's mere "status as a stockholder and officer of a Delaware corporation is an insufficient basis for the court to exercise personal jurisdiction over him pursuant

---

[3] One exception is Imperial Sugar Co., a Texas corporation. Imperial Sugar admits to (1) deriving less than 0.1% of its revenue in Delaware, (2) selling to Delaware customers over the internet, and (3) filing for Chapter 11 protection in Delaware in 2001, which was allegedly resolved within that same year. (D.I. 28 Ex. H.)

[4] Excerpts from The Sugar Association's website were submitted as part of the affidavit of McNeil's counsel, Steven A. Zalesin. (D.I. 34.) The court notes that The Sugar Association's website is separate from the "Truth About Splenda" website, excerpts of which were also submitted as part of Zalesin's affidavit.

to [the long-arm statute]." *Impact Labs*, 2003 WL 21715872, at *2. However, McNeil's theory of jurisdiction is that the member companies are (1) "acting under the guise of a Delaware corporation (the [Sugar] Association)," (2) "to falsely attack and disparage a product sold by a Delaware limited liability company (McNeil)," and (3) "thereby causing economic injury in the State of Delaware." (D.I. 33 at 8.) Although the court is not prepared at this juncture to hold that proof of these three assertions would necessarily establish personal jurisdiction, such proof would at least constitute "some indication" that the member companies are amenable to suit in Delaware. Indeed, the website's assertion that staff from member companies help to guide public policy, public education, and scientific affairs of The Sugar Association certainly gives evidentiary credence, albeit thinly, to McNeil's jurisdictional theory. Moreover, the excerpt satisfies the defendants' demand that McNeil make a preliminary showing as to the member companies' involvement in "The Truth About Splenda" website or other activities charged in the complaint. Therefore, the court will permit McNeil to take limited and appropriate jurisdictional discovery from the thirteen objecting member companies.

    B.   **The American Sugarbeet Growers Association**

According to the Briscoe affidavit, the American Sugarbeet Growers Association is not a member of The Sugar Association. (D.I. 28 Ex. C ¶ 7.) Instead, it allegedly "facilitates the selection" of four sugarbeet growers to sit on The Sugar Association's board of directors in an advisory capacity only. (Id.) Furthermore, Luther Markwart, Executive Vice President of the American Sugarbeet Growers Association, submitted an affidavit in which he asserts that the advisory board members representing his organization have "no authority to approve any policy, actions, or financial obligations taken by the Sugar Association." (D.I. 28 Ex. Q ¶ 18.) Markwart

also denies any contacts between his organization and Delaware. (D.I. 28 Ex. Q.) The only other evidence regarding the American Sugarbeet Growers Association that the court can find is in the website excerpt provided by McNeil, which merely verifies that the organization has four representatives on The Sugar Association's board of directors. (D.I. 34 Ex. 3.)

The question of whether to permit jurisdictional discovery with regard to this defendant is a closer case. The dispositive evidence regarding the member companies is the website's statement that staff from *member* companies help to guide the direction of public policy, public education, and scientific affairs for The Sugar Association. Yet, it is undisputed that the American Sugarbeet Growers Association is *not* a member company. Were the court to strictly construe the website's language, the evidence would be inapposite. However, taking notice of the fact that statements on the internet are often written without the same precise intent as are, say, claims in a patent, and recalling the presumption in favor of permitting jurisdictional discovery, the court is convinced that the evidence presented by McNeil is sufficient to permit limited and appropriate jurisdictional discovery to be taken from the American Sugarbeet Growers Association as well.

### C.    Qorvis

Qorvis is allegedly a public relations firm that aids The Sugar Association in promoting its "education program about the chemical sucralose." (D.I. 28 Ex. R ¶ 19.) But according to the affidavit of Michael Petruzello, Qorvis' Managing Partner, the "Truth About Splenda" website "was designed and is maintained by Qorvis' web designer in Virginia." (Id.) Petruzello further asserts that the "website, which is not targeted at Delaware or its residents, does not advertise Qorvis' services, allow visitors to contract for Qorvis' services, offer any products or services for sale, solicit donations of any kind, or generate revenues for Qorvis." (Id.) The only contact with Delaware

admitted by Qorvis in connection with its work for The Sugar Association is the sending of one postcard, out of five to ten thousand sent as part of a national mailing campaign regarding sucralose, to a health reporter for the Wilmington News Journal in New Castle, Delaware. (Id. ¶ 16.) Qorvis also maintains a website accessible from Delaware, but it "is not commercially interactive and cannot be used to conduct commercial activities with Delaware residents." (Id. ¶ 17.) Qorvis' other admitted contacts with Delaware are relatively insignificant and unrelated to the present litigation. However, Petruzello's affidavit fails to mention that the "Truth About Splenda" website contains the following invitation: "For more information about the 'Truth About Splenda' campaign or to get involved, please contact Rich Masters at Qorvis Communications. . . ." The sentence continues by offering Masters' contact information, including his telephone number and email address. (D.I. 34 Ex. 1.)

In their motion to dismiss, the defendants argue that the mere ownership or maintenance of a passive website accessible in Delaware does not render Qorvis amenable to suit in this jurisdiction. (D.I. 28 at 19.) Here, however, the evidence suggests Qorvis has done more than that. In addition to creating and maintaining the "Truth About Splenda" website for a Delaware corporation, Qorvis sent information regarding sucralose to a Delaware reporter, and held itself out as the point of contact for anyone interested in learning about or becoming involved with the campaign of a Delaware corporation. While these acts may or may not ultimately be sufficient to establish personal jurisdiction, they certainly give "some indication" that Qorvis is amenable to suit in Delaware. Thus, McNeil will be permitted to take limited and appropriate jurisdictional discovery from Qorvis.

### III.	CONCLUSION

For the aforementioned reasons, McNeill will be permitted to take limited and appropriate jurisdictional discovery from all fifteen above-mentioned defendants.


Dated: April 29, 2005                                                         /s/ Gregory M. Sleet
                                                                              UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| McNEIL NUTRITIONALS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-69 (GMS) |
| | ) | |
| THE SUGAR ASSOCIATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

IT IS HEREBY ORDERED THAT:

1. McNeil Nutritionals, LLC's ("McNeil") Motion for Enlargement (D.I. 30) be GRANTED;

2. McNeil be permitted to take limited and appropriate jurisdictional discovery from the following fifteen defendants: American Crystal Sugar Co., American Sugar Cane League, Atlantic Sugar Ass'n, Hawaiian Sugar & Transportation Coop., Imperial Sugar Co., Michigan Sugar Co., Minn-Dak Farmers Coop., Osceola Farms Co., Rio Grande Valley Sugar Growers, Inc., Southern Minnesota Beet Sugar Coop., Sugar Cane Growers Coop. of Florida, Western Sugar Coop., Wyoming Sugar Co., the American Sugarbeet Growers Association, and Qorvis Communications, LLC;

3. McNeil shall answer the defendants' Motion to Dismiss (D.I. 28) by July 29, 2005; and

4. The defendants shall reply to McNeil's answer in the time provided by the Local Rules.

Dated: April 29, 2005                                     /s/ Gregory M. Sleet
                                                          UNITED STATES DISTRICT JUDGE