IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| McNEIL NUTRITIONALS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-69 (GMS) |
| | ) |
| THE SUGAR ASSOCIATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ORDER

On February 8, 2005, McNeil Nutritionals, LLC ("McNeil") brought the present action against the Sugar Association, the Sugar Association's seventeen member companies,[1] the American Sugarbeet Growers Association, and Qorvis Communications, LLC (collectively, "the Sugar Association"). The complaint alleges one count of false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C.A. § 1125(a) (1998), one count of deceptive trade practices in violation of the Delaware Uniform Deceptive Trade Practices Act, Del. Code Ann. tit. 6, §§ 2531 *et seq.*, and one count of unfair competition and product disparagement in violation of Delaware common law. (D.I. 1 ¶¶ 60-71.) Presently before the court is the Defendants' motion to dismiss. (D.I. 26.)

The Sugar Association is a Delaware non-profit corporation (D.I. 28 Ex. C ¶ 1), comprising seventeen member companies who are "producers and growers of sugar in the United States" (D.I. 34 Ex. 3). Its stated mission is "educating health professionals, media, government officials, and the

---

[1] The Sugar Association's seventeen member companies include: The Amalgamated Sugar Co. LLC, American Crystal Sugar Co., American Sugar Cane League, American Sugar Refining, Inc., Atlantic Sugar Ass'n, Inc., Hawaiian Sugar & Transportation Coop., Imperial Sugar Co., Michigan Sugar Co., Minn-Dak Farmers Coop., Okeelanta Corp., Osceola Farms Co., Rio Grande Valley Sugar Growers, Inc., Southern Minnesota Beet Sugar Coop., Sugar Cane Growers Coop. of Florida, United States Sugar Corp., Western Sugar Coop., and Wyoming Sugar Co., LLC.

public about sugar's goodness." (Id.) McNeil, on the other hand, is a Delaware limited liability company that markets products containing the no-calorie sweetener sucralose, which is sold under the name Splenda. (D.I. 1 ¶ 3.) In December 2004, the Sugar Association filed suit against McNeil in the United States District Court for the Central District of California ("the California Action"), alleging false advertising under the Lanham Act (and Misleading Advertising under California state law) based on McNeil's advertising Splenda as containing real sugar, as being a natural, no-calorie form of sugar, as being healthy, and as tasting like sugar. (Cal. Compl. ¶ 11.) Shortly thereafter, the Sugar Association created its "Truth About Splenda" website, which contains many of the same allegations of false advertising that are alleged in the California Action. In response, McNeil almost immediately filed suit in this court, alleging that the "facts" stated on the website are not facts at all, but rather deceptions designed to mislead the public about the safety of Splenda. (D.I. 1 ¶¶ 50-51.) The Sugar Association argues that because both suits are "rooted in the exact same factual and legal issues," McNeil's claims should be dismissed as compulsory counterclaims to the California Action. The court agrees.

A counterclaim is compulsory when "it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). The Third Circuit interprets Rule 13(a) quite liberally:

> For a claim to qualify as a compulsory counterclaim, there need not be precise identity of issues and facts between the claim and the counterclaim; rather, the relevant inquiry is whether the counterclaim "bears a logical relationship to an opposing party's claim." *Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d Cir. 1978). The concept of a "logical relationship" has been viewed liberally to promote judicial economy. Thus, a logical relationship between claims exists where separate trials on each of the claims would "involve a substantial duplication of effort and

time by the parties and the courts." *Id.* Such a duplication is likely to occur when claims involve the same factual issues, the same factual and legal issues, or are offshoots of the same basic controversy between the parties. *See id.; Great Lakes Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir. 1961). In short, the objective of Rule 13(a) is to promote judicial economy, so the term "transaction or occurrence" is construed generously to further this purpose.

*Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 389-90 (3d Cir. 2002). In this case, it is clear that McNeil's contentions are merely the flip side of the Sugar Association's contentions in the California Action. Granted, there may be some uncommon ground between the two suits, but they share one fundamental question, that is, whether Splenda is either safe and/or healthy, or unsafe and/or unhealthy. Therefore, it would be a poor use of this country's limited judicial resources to answer that question in parallel proceedings. Furthermore, the court is unpersuaded by McNeil's vague assertion that the California court *may* not have jurisdiction over all of the defendants named in this action. And, even if jurisdiction is lacking in California, McNeil has made no showing that the presence of those defendants is "required" in order to adjudicate its claims against the Sugar Association. Fed. R. Civ. P. 13(a). Thus, the case will be dismissed without prejudice as to McNeil's ability to petition the California court to add the compulsory counterclaims.

IT IS HEREBY ORDERED THAT:

1. The Defendants' motion to dismiss (D.I. 26) be GRANTED; and
2. The Plaintiff's complaint be DISMISSED without prejudice.

Dated: March 29, 2006

UNITED STATES DISTRICT JUDGE

FILED
MAR 29 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

3